Mr. David G. Conn Attorney for Clerk of Court for St. Johns County
QUESTION:
Does the clerk of the court, as the designated local official to collect local option tourist development taxes, have the authority to enforce the collection of delinquent tourist development taxes in the same manner as the Department of Revenue pursuant to section 212.10, Florida Statutes, and Rule 12A-1.090, Florida Administrative Code?
SUMMARY:
The clerk of the court has been delegated the authority to collect tourist development taxes by the governing board of the county pursuant to section 125.0104, Florida Statutes (1990 Supplement). Such powers could include the authorization to collect delinquent taxes in the manner used by the Department of Revenue pursuant to section 212.10, Florida Statutes.
Subject to the provisions in section 125.0104, Florida Statutes (1990 Supplement), any county in this state may levy a tourist development tax on the rental of specified living quarters or accommodations when such rental is for a term of six months or less.[1] The tourist development tax is levied pursuant to an ordinance enacted by the governing board of the county.[2] The ordinance must contain a tourist development plan and is subject to referendum approval.[3]
If the tourist development tax is approved, the county may remit the collections to the Department of Revenue or may adopt an ordinance providing for the collection and administration of the tax on a local basis.[4] The ordinance must, at a minimum, provide for the following:
"1. Initial collection of the tax to be made in the same manner as the tax imposed under part I of chapter 212.
2. Designation of the local official to whom they tax shall be remitted, and that official's powers and duties with respect thereto. Tax revenues may be used only in accordance with the provisions of this section.
3. Requirements respecting the keeping of appropriate books, records, and accounts by those responsible for collecting and administering the tax.
4. Provision for payment of a dealer's credit as required under part I of chapter 212.
5. A portion of the tax collected may be retained by the county for costs of administration, but such portion shall not exceed 3 percent of collections."
St. Johns County Ordinance No. 88-27 has designated the Clerk of the Court to "perform the enforcement and audit functions associated with the collection and remission of the St. Johns County tourist development tax . . . ."[5] Furthermore, the clerk is authorized, when any tax becomes delinquent or is otherwise in jeopardy, to "use all appropriate remedies at law or equity necessary to collect such delinquent tax."[6]
Section 125.0104(10)(c), Florida Statutes (1990 Supplement), authorizes a county which elects to assume all responsibility for auditing the records and accounts of dealers, and assessing, collecting, and enforcing payments of delinquent taxes, to use any power granted in section 125.0104 to the Department of Revenue to determine the amount of tax, penalties, and interest to be paid by each dealer and to enforce payment of such tax, penalties, and interest.
Section 125.0104(2), Florida Statutes (1990 Supplement), provides that "[t]he provisions contained in chapter 212 apply to the administration of any tax levied pursuant to this section." Furthermore, the section provides:
"The same duties and privileges imposed by chapter 212 upon dealers in tangible property, respecting the collection and remission of tax; the making of returns; the keeping of books, records, and accounts; and compliance with the rules of the Department of Revenue in the administration of that chapter shall apply to and be binding uponall persons who are subject to the provisions of this section."[7]
Reading these subsections together, it is clear that the Department of Revenue may use the provisions in Chapter 212, Florida Statutes, to administer the collection of tourist development taxes pursuant to section 125.0104, F.S. (1990 Supplement). This is supported by the rules which have been adopted by the Department of Revenue regarding the collection of tourist development taxes.[8] As administrative interpretations by the agency charged with the administration of section 125.0104, Florida Statutes, the rules adopted by the department are entitled to great weight in determining the applicability of Part 1, Chapter 212, Florida Statutes, in this instance.[9]
In light of the authority given to the Department of Revenue in section 125.0104, Florida Statutes (1990 Supplement), to use the provisions in Chapter 212, Florida Statutes, in the administration of tourist development taxes, it appears that a county electing to assume all responsibilities for the administration and collection of the tax may exercise such powers. Therefore, I am of the opinion that the governing body of the county may by ordinance authorize the designated local official to exercise the same powers given to the department under section 125.0104, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/t
[1] Section 125.0104(3), Fla. Stat. (1990 Supp.).
[2] Section 125.0104(4), Fla. Stat. (1990 Supp.).
[3] Section 125.0104(6), Fla. Stat. (1990 Supp.).
[4] Section 125.0104(10)(a), Fla. Stat. (1990 Supp.).
[5] Section Two (i), Ordinance No. 88-27, adopted June 14, 1988.
[6] Section Two (i)(4), Ordinance No. 88-27.
[7] Section 125.0104(3)(g), Fla. Stat. (1990 Supp.). See also, s.125.0104(3)(k), Fla. Stat. (1990 Supp.), stating that the Department of Revenue shall promulgate such rules and shall prescribe and publish such forms as may be necessary to effectuate the purposes of this section.
[8] See, Rule 12A-3.001, Fla. Admin. C., providing that for the administration of local option resort taxes, all rules relating to Florida sales and use tax on transient rentals (Ch. 12A-1, Fla. Admin. C.) shall apply with the same effect with respect to local option resort taxes and Rule 12A-3.006(4), Fla. Admin. C., providing that, with the exception of filing estimated taxes, Part 1, Ch. 212, Fla. Stat., shall apply to the administration of any tax levied pursuant to s. 125.0104, Fla. Stat.
[9] See, Raffield v. State, 565 So.2d 704 (Fla. 1990).